UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL CHARLES TAYLOR,                                              No. 15-10689

                    Debtor(s).
_____/

Memorandum re Nondebtor's Claim of Exemptions
_____

      Debra Lynn Taylor is the estranged wife of Chapter 7 debtor Michael Taylor. According to her, she separated from Michael in 2013 but there have been no dissolution proceedings.[1]

      While they were married, Debra and Michael acquired a home at 324 Major Drive, Santa Rosa, California, taking title as joint tenants. On July 11, 2014, Michael gave Debra a deed to his half interest in the property. However, she did not record the deed until July 9, 2015, which was seven days after Michael filed his Chapter 7 petition. Since § 544(a)(3) of the Bankruptcy Code gives a bankruptcy trustee the rights of a bona fide purchaser of real estate as of the date of the bankruptcy, the trustee in this case, Timothy Hoffman, has a strong argument that the transfer of the interest in the home is avoidable. Debra appears to recognize this possibility and has engaged in a series of unusual actions in the hopes of evading it. The court will attempt to make some sense of her actions.

      When Michael filed his petition, he listed his half of the Major Drive property as an asset and claimed an exemption of about $25,000.00, using the "bankruptcy" version of California's exemption scheme. These schedules were in error in two respects: Michael had already deeded his interest in the

---

[1] Debra alleges that Michael has unlawfully remarried, but this does not appear to be relevant.

1

home to Debra, and the state "bankruptcy" exemptions are only available if the non-filing spouse has consented to their use. Debra objected to the latter. However, she then did something weird. She filed her own schedules A, B and C in this case, even though this is not her case and she is not a debtor.

A few days after Debra's "schedules," Michael amended his schedule of exemptions to eliminate any claim to the Major Drive property and use the correct exemption scheme for a debtor with a non-consenting nondebtor spouse. In what appears to be a battle of amendments, Debra then filed a second set of schedules listing the Major Drive property as an asset and claiming it exempt in the amount of $175,000.00. Two weeks later, Debra filed *another* amended asset schedule, this time alleging that the Major Drive property was community property notwithstanding the form of title and ignoring the deed entirely. Hoffman has objected to Debra's claim of exemption on the grounds that she has no standing to claim an exemption in Michael's bankruptcy. That is the only issue now before the court, though the court must deal with all of Debra's actions in order to make sense of the case.

Before addressing the merits, the court notes its disappointment with the arguments of Debra's counsel. During oral argument, he misquoted § 522(l) of the Bankruptcy Code while purporting to recite its language. In his written brief (Corrected Opposition to Trustee's Objection to Dependent's Amended Claim of Exemption, Docket #33, filed 9/27/15, at Paragraph 12, page 3, lines 21-27), he quotes language from two cases, using quotation marks. Both quotes are false. He also failed to cite the controlling case, *In re Homan,* 112 B.R. 356 (9th Cir. BAP 1989). Such conduct, while perhaps not rising to a violation of Rule 5-200(C) of the California State Bar Rules of Professional Conduct, falls short of the professionalism the court expects from members of the bar when making legal arguments.

The court begins its analysis by noting that there is nothing in the law which would allow Debra to file schedules of assets (Schedules A and B) in Michael's case. The court would strike them except that they do no harm - schedules of assets are not binding on anyone except perhaps the person who filed them - and they may well be used by the trustee as admissions against interest in the

2

adversary proceeding which is probably coming.

      Contrary to the assertions of Debra's counsel, § 522(l) does not permit a dependent of the debtor to claim an exemption if the debtor does not do so. The statute provides, in pertinent part, "If the debtor does not file such a list [of exemptions], a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor." In order to justify her position, Debra deletes the first nine words of the statute. This argument was considered and rejected by the Bankruptcy Appellate Panel in *In re Homan,* supra at 359, which held: "Where a debtor files a list of property exemptions claimed under federal law, even an incomplete list, nothing in the language or legislative history of Section 522(l) suggests that nondebtor dependents may supplement this list . . . ." The court rejects as contrary to the language of the statute Debra's unsupported argument that a defective or objectionable list of exemptions is the same thing as no list at all, as the debtor always has the ability to amend the list.

      The last argument which must be addressed is Debra's belief that if Hoffman is successful in avoiding Michael's transfer of his half interest to her and it becomes property of the estate, then she can claim it exempt pursuant to § 522(g) even though Michael could not exercise that right because the transfer was voluntary. As the court in *Homan* held, a nondebtor spouse may not do what she would be prohibited from doing if she were a joint debtor spouse. 112 B.R. at 360. Even if Debra were entitled to file a list of exemptions in Michael's bankruptcy, her right to claim an exemption is no greater than Michael's.

      For the foregoing reasons, Hoffman's objection to Debra's claims of exemption will be sustained. Counsel for Hoffman shall submit an appropriate form of order.

Dated: October 20, 2015

                                                      Alan Jaroslovsky
                                                      U.S. Bankruptcy Judge